IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEXANDER ANTHONY VELASQUEZ,

       Petitioner,

v.                                    No. 23-cv-00693-MIS-GJF

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

       Respondent.

## ORDER OF DISMISSAL

This matter is before the Court on Petitioner Alexander Anthony Velasquez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.  ECF No. 1 ("Petition"). In a previous Order, the Court reviewed Velasquez's Petition and required him to show cause why his § 2254 claims should not be dismissed for failure to file within the one-year limitation period and failure to exhaust state remedies.  ECF No. 7 ("Screening Order"). Velasquez's timely Response is also before the Court.  ECF No. 8 ("Response"). Having reviewed the Response, the Court concludes that Velasquez has failed to overcome the time bar or the failure to exhaust. The § 2254 claims will therefore be dismissed with prejudice.

## I.    Procedural Background[1]

In 2019, Velasquez pled guilty to second degree murder with a firearm enhancement, three counts of attempt to commit second degree murder with a firearm enhancement, and aggravated burglary with a firearm enhancement. *See* Case No. D-202-CR-2016-01881, Plea and Disposition Agreement (6/20/2019). The state court sentenced him to 36.5 years in prison. *See id.*, Judgment

---

[1]    To better interpret the citations in the Petition, the Court took judicial notice of Velasquez's state court criminal docket, Case No. D-202-CR-2016-01881.  *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Ordering Commitment to the New Mexico Corrections Department and Partially Suspended Sentence (10/29/2019) ("Judgment").  The state court entered its Judgment on October 29, 2019. *Id.* The state court docket reflects that Velasquez did not file a direct appeal. The Judgment therefore became final on November 28, 2019, when the thirty-day appeal period expired. *See* NMRA, Rule 12-201(A)(1)(b) (an appeal must be taken within "thirty . . . days after the judgement or order appealed from is filed in the district court clerk's office); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). (A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."). The state court docket reflects no further activity.

Velasquez filed his federal Petition on August 18, 2023. ECF No. 1. He challenges the validity of the state court Judgment on several grounds, including ineffective assistance of counsel and double jeopardy. *Id.* at 5. He also argues that the New Mexico Corrections Department ("NMCD") is miscalculating his sentence by failing to recognize his presentence confinement credit and a stipulated, court ordered sentence reduction. *Id.* at 3.

The Court screened the petition pursuant to Habeas Corpus Rule 4 and concluded in the Screening Order that: (1) if Velasquez intends to seek habeas relief related to the allegation that NMCD is miscalculating his sentence, he may move to amend the petition in his pending § 2241 action (Case No. 23-cv-198-DHU-GJF) or he may file a new § 2241 action, but the Court would not consider challenges to the execution of his sentence in this proceeding, ECF No. 7 at 2-3; (2) the state court dockets confirm that Velasquez did not properly present the § 2254 claims raised in the Petition to the New Mexico Supreme Court by direct review of the conviction or in a postconviction attack, as required to satisfy the exhaustion requirement, *id.* at 3-4; and (3) the limitation period began to run no later than November 29, 2019, and expired on November 30, 2020, such that the Petition appears time barred, *id.* at 4-5. The reasoning and analysis in the

2

Court's Screening Order is incorporated herein by reference.

The Court allowed Velasquez to file a response addressing the time bar and the exhaustion issue. *Id.* at 5. In the Response, Velasquez concedes the correctness of the Court's analysis of the limitations period based on the finality of the criminal judgment and the failure to exhaust. ECF No. 8 at 3. He claims, however, that he should be excused from the exhaustion requirement because his claims are "non-grievable" and seeks to proceed on the merits notwithstanding the untimeliness and exhaustion issues based on ignorance of the law and his pro se status. *Id.* at 3-4.

**II.    Discussion**

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims.  "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief . . . , the judge must dismiss the petition."  Habeas Corpus Rule 4.  "[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition" as part of the initial review process. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

**A. Timeliness**

A 1-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). It is established that Velasquez filed the Petition more than one

year after the judgment became final, such that subsection (A) does not apply. Velasquez does not invoke, or allege facts that could be construed to invoke, subsections (B), (C), or (D).

Additionally, equitable tolling may available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Velasquez has not demonstrated grounds for equitable tolling. Ignorance of the law is not an extraordinary circumstance justifying equitable tolling. *Jackson v. Saffle*, 37 F. App'x 420, 421 (10th Cir. 2002); *Marsh*, 223 F.3d at 1220. Velazquez's arguments that his attorney should have timely pursued an appeal or habeas relief, also do not justify equitable tolling. To justify equitable tolling based on an attorney's conduct, a petitioner must show "egregious misconduct" by his counsel—*i.e.*, that his counsel misled or falsely assured the petitioner that actions were being taken on the petitioner's behalf, when in fact nothing was being done. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). An attorney's negligence is not an "extraordinary circumstance" that will justify equitable tolling in the habeas context. *Id.* at 1255-56 (reasoning that "there is no constitutional right to an attorney in state post-conviction proceedings" and "clients, even if incarcerated, must vigilantly oversee and ultimately bear responsibility for their attorneys' actions or failures.").

**B.  Exhaustion**

A habeas petitioner is generally required to exhaust state remedies before seeking federal habeas relief under § 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The Court can excuse the exhaustion

requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also id.* at 746 ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court *sua sponte*.").

It is established that Velasquez did not properly present the § 2254 claims raised in the Petition to the New Mexico Supreme Court by direct review of the conviction or in a postconviction attack. Velasquez's request to be excused from the exhaustion requirement because his claims are not "grievable" is apparently based on a misunderstanding of the governing law. As explained in the Screening Order and in the preceding paragraph, exhaustion in this context means presenting the issues to the highest state court (here, the New Mexico Supreme Court), either by filing a direct appeal or a state habeas petition. *Dever*, 36 F.3d at 1534. This is different from the process of filing a grievance in an administrative context—*i.e.*, through a prison's grievance system. Although the time within which to file a direct appeal in the state court has passed, *see* NMRA, Rule 12-201(A)(1)(b) (an appeal must be taken within "thirty . . . days after the judgement or order appealed from is filed in the district court clerk's office), Velasquez may seek habeas relief by filing a petition in the state trial court and, if necessary, seeking a petition for a writ of certiorari in the New Mexico Supreme Court. *See* NMRA Rule 5-802 (governing the procedure for filing a writ of habeas corpus in the state court and including a reference to state habeas Form 9-701 NMRA); Rule 12-501 (governing petitions for a writ of certiorari in the New Mexico Supreme Court seeking review of the denial of a state habeas petition by the trial court). Velasquez is reminded, however,

that while he may choose to pursue state habeas remedies, doing so at this stage will not affect his right to seek relief under § 2254 for the convictions at issue in the Petition because, as set forth above, his claims are time barred.

**III.   Conclusion**

For the foregoing reasons, and for the reasons set forth in the Court's Screening Order, ECF No. 7, the § 2254 claims in the Petition, ECF No. 1, are untimely and unexhausted and Petitioner's Response, ECF No. 8, has failed to show cause why the Petition should not be dismissed on these grounds. As this conclusion is not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

Accordingly, it is **HEREBY ORDERED** that:

1.  Petitioner Alexander Anthony Velasquez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, ECF No. 1, is **DISMISSED with prejudice**;

2.  A certificate of appealability **SHALL NOT ISSUE**;

3.  All pending Motions are **DENIED AS MOOT**;

4.  Final judgment will be entered separately; and

5.  This case is now **CLOSED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE